Filed 8/3/16  P. v. Fisher CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C081507 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-136445) |
| v. | |
| TIMOTHY RUSSELL FISHER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Timothy Russell Fisher asks this court to review the record for any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

Wanting to go to jail, defendant vandalized a truck belonging to the manager of a tire store; defendant had previously applied for a job there. Around noon, defendant walked into the tire store and lit a cigarette in order to get attention. The manager saw him and told him to leave. The manager recognized defendant from a previous incident where he had called the police because defendant was smoking in the store showroom.

The manager walked defendant outside and called the police. Defendant then calmly and nonchalantly told the manager he had scratched a truck. Defendant then showed him the truck. It was the manager's 2014 Dodge Ram pickup truck. A collision center later estimated the cost of repair at $1,311.40.

At trial, defendant testified, explaining he had wanted to go to jail. He had just been released from jail, he was on the street, and it was cold and rainy. "Unfortunately you can't just knock on the door of the jail and say I'm ready to come back. I have to do something . . . ."

A jury convicted defendant of vandalism causing $400 or more in damages. (Pen. Code, § 594, subd. (b)(1).) Defendant admitted to having two prior convictions. (Pen. Code, § 667.5, subd. (b).)

The court imposed an aggregate four-year term: the middle term of two years for the vandalism and one year each for his two prior prison terms. The court awarded 737 days of credit (369 actual and 368 conduct). The court also imposed various fees and fines and ordered restitution in the amount of $1,334.46.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requests this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we have received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                                NICHOLSON          , Acting P. J.



We concur:



          DUARTE          , J.



          RENNER          , J.

3